Geraldine **DUFON**, Plaintiff-Appellant,

v.

**WILBUR CURTIS COMPANY**, Inc., and Corning Glass Works, Defendants-Appellees.

No. 19319.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 1969.

Theodore M. Rosenberg, Detroit, Mich., for plaintiff-appellant; Albert Lopatin, Detroit, Mich., on brief.

Richard H. Scholl, Detroit, Mich., for Wilbur Curtis Co.; Davidson, Gotshall, Kelly, Halsey & Kohl, Detroit, Mich., on brief.

John A. Kruse, Harvey, Kruse & Westen, Detroit, Mich., for Corning Glass Works; Alexander, Buchanan & Conklin, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and BROOKS, District Judge.[*]

## ORDER

This is a products liability suit against the manufacturer of a coffee pot and the manufacturer of the glass portion of the pot. Jurisdiction is based upon diversity of citizenship. Michigan law controls. Plaintiff, a waitress, was injured

---

* Honorable Henry L. Brooks, Chief Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

when the coffee pot she was using during her employment broke and spilled scalding water on her. The action is based upon breach of implied warranty.

The District Judge directed a verdict in favor of the defendants. The Court held that there was no proof by plaintiff of any defect in the coffee pot, no evidence of any defect attributable to the manufacturer, and no facts in evidence, other than the fact of the accident itself, from which an inference of a defect reasonably could be drawn. The Court further held that it would be mere conjecture, speculation or guess on the part of the jury to infer that the pot was defective at the time it left the manufacurer. There was no testimony as to the age of the pot and no evidence excluding other possible causes of the breaking.

We agree with the District Judge that the plaintiff introduced insufficient evidence to take this case to the jury and hold that the District Court correctly applied the controlling Michigan law. It is ordered that the judgment of the District Court directing the verdict and dismissing the complaint be and hereby is affirmed.

Entered by order of the Court.